## Commonwealth v. Dydek

*Rowley & Smith*, for defendant.

McCREARY, P. J., November 12, 1948.—We have for consideration the matter of exceptions filed by above-named defendant to the record returned by William B. Smith, justice of the peace, Aliquippa, Pa., as the result of the issuance by this court of a writ of certiorari on præcipe filed by defendant.

On June 1, 1948, an information was made in the office of the said justice of the peace charging defendant, Walter Dydek, with the misdemeanor of assault and battery under the provisions of The Penal Code of June 24, 1939, P. L. 872, sec. 708, 18 PS §4708. A warrant issued and defendant was arrested on the same day, and June 4, 1948, at 7 p.m. was fixed as the time for hearing. The record of the justice of the peace shows that a hearing was had and that the only witness sworn was Mrs. Otto Jenkins, who was sworn on behalf of the Commonwealth. The record does not show on its face that the justice of the peace complied with the Act of May 27, 1919, P. L. 306, sec. 1, which requires that a justice of the peace, in simple assault and battery cases, "enter into a full hearing and investigation of the facts charged, and shall only bind over the defendant to the said court when he is satisfied from the evidence that the prosecution is reasonably well founded".

As a matter of fact the record of the justice of the peace shows that "This case was considered as a simple assault case and Dydek was found guilty and fined ten dollars and costs. This the Squires decision was later appealed and Dydek was placed under one thousand dollars bond".

The petition for allowance of writ of certiorari was filed June 9, 1948, and the writ was issued on the same day. On June 16, 1948, the justice of the peace returned his transcript to the court, omitting any reference to the fact that he had found defendant guilty and fined him $10, as is shown by his record which he returned in response to the writ of certiorari, but on the contrary

the transcript of the docket, returned with the information to court, shows that the justice of the peace made the finding that "whereupon it appearing to me, the said justice of the peace, that a prima facie case has been made out the said defendant be held to the next court of Quarter Sessions, and bail required for appearance thereat in the sum of one thousand dollars". It will be noted that this return was made some days after the writ of certiorari.

The exceptions filed by defendant to the record of the justice of the peace as returned and certified by him are as follows:

"First: The record shows that the defendant was found guilty and fined $10 and costs. The justice had no authority to impose a fine. He should have either held the defendant for court or discharged him.

"Second: The record does not show that the alleged assault and battery occurred within the County of Beaver.

"Third: The record does not show that the justice of the peace was satisfied from the evidence that the prosecution is reasonably well founded as required by the Act of May 27, 1919, P. L. 306; 19 PS §21."

We now have before us for consideration the matter of these exceptions.

A similar case was decided by this court two years ago, being the case of Commonwealth v. Bilyk, 57 D. & C. 690. Referring to the third exception, set forth in full above, we said at that time (p. 692):

"The Act of May 27, 1919, P. L. 306, sec. 1, provides as follows:

" 'In all cases of prosecutions for assault and battery, the alderman, justice of the peace, or magistrate, before whom such case is instituted, shall, before he binds any person so charged over to the court of quarter sessions upon the oath of any complainant, enter into a full hearing and investigation of the facts charged, and

shall only bind over the defendant to the said court when he is satisfied from the evidence that the prosecution is reasonably well founded.'

"There is nothing on the face of the record of the justice of the peace, which has been submitted to this Court, which indicates that the committing magistrate entered 'into a full hearing and investigation of the facts charged' and indicating that 'he is satisfied from the evidence that the prosecution is reasonably well founded'. It is essential to the jurisdiction of the justice, insofar as his right to hold a defendant to bail in assault and battery cases, that he enter into a full hearing and investigation of the facts charged, and that he be satisfied from the evidence that the prosecution is reasonably well founded. If this does not appear on the face of the record of the justice of the peace, defendant is entitled to be discharged from custody or to be released from his recognizance and discharged without day. For a review of the cases holding to this effect see: Commonwealth v. Hicks et ux., 8 D. & C. 735."

The law has not been changed since our decision in the Bilyk case, and we must therefore sustain the third exception of defendant.

The second exception must be dismissed as being without merit, because the record does show that the assault and battery, if any was committed, was committed on May 28, 1948, at Aliquippa, in the County of Beaver, Pa.

The matter of the first exception is one which we feel ought to be called to the attention of the justice of the peace in this case and to all justices of the peace having before them for consideration the matter of the hearing of assault and battery cases. We thought we made it clear in the case of Commonwealth v. Bilyk, supra, that justices of the peace do not have jurisdiction to hear and determine assault and battery cases, except under certain exceptional circumstances which we will

outline in detail in this opinion. Where a defendant is arrested on an information charging assault and battery and is taken before a justice of the peace where he demands a hearing, a justice of the peace has no jurisdiction to fine defendant. He has authority only to hold defendant for court and to fix the amount of his bail, except under circumstances hereinafter referred to at length, and he has authority to hold him for court only when he complies with the provisions of the Act of May 27, 1919, P. L. 306, sec. 1, referred to above. His record must affirmatively show that he entered into a full hearing and investigation of the facts charged and that he is satisfied from the evidence that the prosecution is reasonably well founded.

The Constitution of Pennsylvania, art. 1, sec. 6, provides that "Trial by jury shall be as heretofore, and the right thereof remain inviolate". Prior to the adoption of the Constitution of Pennsylvania all parties charged with misdemeanor were entitled to have, as a matter of right, a trial by jury. Even the legislature is powerless to pass a law conferring upon justices of the peace authority to try assault and battery cases and determine the guilt or innocence of the accused and pronounce judgment against him by way of a fine or imprisonment. Article 1, sec. 9 of the Constitution provides, inter alia, that in all criminal prosecutions and in prosecutions by indictment or information the accused has the right to a speedy public trial by an impartial jury of the vicinage.

The record in the case we are now considering, as returned by the justice of the peace in response to the writ of certiorari, shows on its face that the justice of the peace did on June 4, 1948, find defendant guilty and did impose upon him a fine of $10 and required him to pay the costs. He had no right or authority to change his judgment after the issuance of the writ of certiorari. He would have a right to amend his record to conform

with the facts, but he would have no authority to change his judgment from that of guilty to that of holding for court.

We mentioned above that there are circumstances under which a justice of the peace does have authority to hear and determine an assault and battery case. By the Act of May 1, 1861, P. L. 682, sec. 1, 42 PS §392.

"The several justices of the peace of the County of Erie and Union be and are hereby authorized to hold monthly courts, with jurisdiction to hear and determine, in the manner hereinafter provided, the several offenses and misdemeanors mentioned in the 30th, 31st, 44th, 46th, 69th, 72d, 97th, 103d, 112th, 140th, 148th, 152d sections of the act of the 31st day of March, 1860, entitled 'An act to consolidate, revise and amend the penal laws of this commonwealth'."

This act was extended to most of the counties of the Commonwealth by various acts of assembly, and to the County of Beaver by the Act of February 21, 1872, P. L. 129. The section of the Criminal Code hereinbefore referred to, on which the information in this case was based is that section which provides that:

"Whoever commits an assault and battery, or an assault, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000), or undergo imprisonment not exceeding two (2) years, or both."

Sections 2 and 3 of the Act of 1861 set forth the conditions under which a justice of the peace may pass sentence. They are as follows: (1) When defendant pleads guilty, and (2) when defendant pleads not guilty and at the same time signifies his determination to be tried by a jury of six before the said justice. Sections 2 and 3 of the Act of May 1, 1861, P. L. 682, are set forth in elaborate detail in 42 PS §§724 and 725. Section 4 of that act details the procedure for a justice

of the peace in the matter of issuing a venire for choosing six jurors (42 PS §728). Section 5 of that act shows how the constable makes his return of venire at the time of trial (42 PS §729). Section 6 of that act sets forth in further detail the duties of the constable in the matter of attendance at the trial (42 PS §731). Section 7 of that act prescribes the competency and credibility of witnesses, the form of the oath to jurors and witnesses and of the constable, and the control of the jury over the payment of the costs, and provides that when the jury finds defendant guilty "the justice . . . shall proceed to pass sentence accordingly".

Therefore, unless defendant shall plead guilty before the justice of the peace, or shall be found guilty by a jury of six, chosen and sworn in accordance with the provisions of the Act of 1861, the justice of the peace has no authority to pass sentence; his authority is limited to holding defendant for court and fixing the amount of his bail.

Since, in the case we are now considering, the record shows that defendant did not plead guilty and did not demand a trial by a jury of six, but on the contrary demanded a hearing, the justice of the peace had no authority to find him guilty and impose a fine of $10.

For the reasons stated the first exception must be sustained.

We therefore make the following

### Order

Now, November 12, 1948, the first and third exceptions to the record of the justice of the peace, filed by defendant, are sustained, and it is now ordered, adjudged and decreed that the judgment of the justice of the peace finding defendant guilty and imposing a fine of $10 and costs is reversed, and judgment is now entered for defendant.